UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 16-12402-RGS

AARON HERNANDEZ

v.

SECURUS TECHNOLOGIES, INC.

MEMORANDUM AND ORDER ON
DEFENDANT'S MOTION TO DISMISS

March 2, 2017

STEARNS, D.J.

Plaintiff Aaron Hernandez brings several claims against defendant Securus Technologies, Inc., the company that provides telephone services to inmates at the Suffolk County House of Corrections (Suffolk). Hernandez, a former inmate at that facility, alleges that Securus recorded some of his phone calls and stored them on a company server, where they were accessed by an unauthorized person. The court will dismiss Hernandez's sole federal claim and remand the remaining claims to the Superior Court.

BACKGROUND

For purposes of this motion, the facts alleged in the complaint are taken as true. *Hochendoner v. Genzyme Corp.*, 823 F.3d 724, 730 (1st Cir. 2016). Securus provides telephone services for inmates under a contract

with Suffolk. Am. Compl. ¶ 6. During the summer of 2014, Hernandez was detained at Suffolk while awaiting trial in Bristol County. *Id.* ¶ 12. While there, Hernandez used the Securus system to speak with his family, friends, and attorneys, paying a fee to place calls through the system and a per-minute rate for each call. *Id.* ¶¶ 7, 12. Pursuant to the jail's written policy, Hernandez's conversations were recorded and stored in a database maintained by Securus. *Id.* ¶ 6. At some point that summer, an unidentified person illicitly accessed the Securus database and listened to recordings of Hernandez's phone conversations. *Id.* ¶ 13. Hernandez was never informed of the breach, instead learning of it from media reports. *Id.* ¶ 15. As alleged in the Complaint, Hernandez has never received any information from Securus regarding the extent of the breach, which calls were accessed, or the identity of the hacker.

Hernandez filed this lawsuit against Securus in the Suffolk Superior Court on November 21, 2016. Securus removed the case to the federal district court on November 26, 2016. Hernandez then filed this Amended Complaint on November 28, 2016. The Complaint includes claims for negligence (Count I), misrepresentation (Count II), breach of contract (Counts III and IV), violations of the Federal Civil Rights Act (Count V), and

invasion of privacy (Count VI).[1] Most pertinent for present purposes, the Complaint contends that Hernandez suffered an invasion of privacy when his otherwise private calls were accessed. *Id.* ¶¶ 12, 51. In addition, he asserts that because previous breaches of Securus's database have demonstrated "habitual violation of attorney-client privilege . . . the recorded phone calls accessed during the breach potentially included privileged and confidential conversations between [Hernandez] and his attorneys." Am. Compl. ¶ 17.

Securus has moved to dismiss for both lack of subject matter jurisdiction and failure to state a claim. *See* Fed. R. Civ. P. 12(b)(1), (6).

## DISCUSSION

Securus first contends that Hernandez lacks standing to bring the claims. Because standing is central to the court's Article III jurisdiction, the issue must be resolved before the court can proceed with the merits. *Baena v. KPMG LLP*, 453 F.3d 1, 4 (1st Cir. 2006). A motion to dismiss for lack of standing is decided under the same standard as a Rule 12(b)(6) motion: "[T]he plaintiff bears the burden of establishing sufficient factual matter to

---

[1] The Complaint contains a seventh count seeking injunctive relief requiring Securus to preserve all records related to Hernandez's phone calls. That count was resolved by a stipulated preliminary injunction entered on December 6, 2016. *See* Dkt #25.

plausibly demonstrate his standing to bring the action." *Hochendoner*, 823 F.3d at 731.

Standing has three elements: injury, causation, and redressability. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-561 (1992). Any injury for standing purposes must be both "concrete" and "particularized." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548 (2016). For an injury to be "concrete," it must "actually exist." *Id.* In other words, the plaintiff must actually suffer (or be at risk of suffering) some injury; a "bare procedural violation" which results in no harm to a plaintiff is insufficiently concrete to ground a claim of standing. *Id.* at 1549.

Securus argues that Hernandez has failed to plead a concrete injury, principally on the ground that Hernandez had no reasonable expectation of privacy in his phone calls and that Securus therefore owed him no duty that could be breached. This argument ignores the principle that "standing in no way depends on the merits of the plaintiff's contention that particular conduct is illegal." *Warth v. Seldin*, 422 U.S. 490, 500 (1975). For standing purposes, Hernandez has alleged a traditional and concrete injury: embarrassment flowing from the publication of his intimate conversations,

allegedly caused by Securus's negligence and breaches of contract.[2] Whether that injury can be translated into a viable action at law is a question to be decided on the merits. *See Chaudhry v. City of Los Angeles*, 751 F.3d 1096, 1109 (9th Cir. 2014); *Muir v. Navy Fed. Credit Union*, 529 F.3d 1100, 1106 (D.C. Cir. 2008); *see also Steel Co. v. Citizens for a Better Envt.*, 523 U.S. 83, 89 (1998) ("[T]he absence of a valid (as opposed to arguable) cause of action does not implicate subject-matter jurisdiction . . . .").

Hernandez's sole federal claim is set out in Count V, which alleges that Securus is liable under the Federal Civil Rights Act, 42 U.S.C. § 1983, for violations of Hernandez's rights under the First, Fifth, Sixth, and Fourteenth Amendments. This claim fails for two separate and independent reasons. First, no facts are alleged to support a tangible violation of any of Hernandez's constitutional rights. His fundamental premise is that "the recorded phone calls accessed during the breach potentially included

---

[2] Securus attempts to analogize this case to cases under the Fair Credit Reporting Act and the Cable Communications Policy Act in which courts have concluded that a mere failure to destroy personally identifiable information or the dissemination of incorrect credit information cannot, standing alone, constitute an injury for standing purposes. *See, e.g., Spokeo*, 136 S. Ct. at 1550; *Braitberg v. Charter Commc'ns, Inc.*, 836 F.3d 925, 929-931 (8th Cir. 2016). In those cases, the focus is on whether plaintiffs have alleged that any harm actually resulted from the procedural injuries they allegedly suffered. By contrast, in an invasion of privacy action, the harm is synonymous with the dissemination of intimate personal information which by definition is private.

privileged and confidential conversations between [Hernandez] and his attorneys." Am. Compl. ¶ 17. This allegation is based on information and belief and references a news article attached to the Complaint reporting an unrelated breach of Securus's servers. *Id.* ¶¶ 9-10, 17. According to the article, that breach led to the release of the records of roughly 70 million inmate phone calls, including approximately 14,000 calls between inmates and their attorneys. *Id.* ¶¶ 9-10. The fact that an unrelated breach involved some privileged recorded calls does not plausibly support the suggestion that Hernandez's calls with his attorneys were recorded and later compromised.[3] Moreover, even if privileged calls were intercepted and recorded, Hernandez has alleged no facts demonstrating that his constitutional rights were impaired as a result. The Complaint contains nothing plausibly suggesting that attorney confidences were ever conveyed to a prosecutor or law enforcement official so as to show that government misconduct had an adverse impact (past or potential) on the effectiveness of his counsel's representation or otherwise prejudiced his defense. *United States v.*

---

[3] Under Massachusetts regulations, all inmate phone calls are eligible for recording except those made to pre-designated numbers associated with attorneys, consular officials, clergy, and certain counseling professionals. 103 Mass. Code Regs. 428.06(3)(d).

*Morrison*, 449 U.S. 361, 365 (1981); *cf. Weatherford v. Bursey*, 429 U.S. 545, 558 (1977).

Moreover, even if a claim of prejudice were made out, a § 1983 claim can only be prosecuted against a state actor. *See Rendell-Baker v. Kohn*, 457 U.S. 830, 837-838 (1982). It is true that a private entity may become a state actor in several ways: if it engages "in a traditionally or exclusive public function; is 'entwined' with the government; is subject to governmental coercion or encouragement; or is willingly engaged in joint action with the government." *Logiodice v. Trs. of Me. Cent. Inst.*, 296 F.3d 22, 26 (1st Cir. 2002). Hernandez rests his argument on the first of these alternatives. Although prison phone providers generally are not considered state actors, *see Belton v. SecurusTech.net*, 2014 WL 524470, at *6 (E.D.N.Y. Feb. 7, 2014) (collecting cases), Hernandez claims that these cases are inapposite because he targets not the phone services, but "the recording and monitoring associated with these services on behalf of the Massachusetts Department of Corrections." Opp'n at 12. The "[s]urveillance and monitoring of prisoners," he contends, is a traditional public function. *Id*.

This distinction is inconsequential. Securus is a contractor providing designated services to the government, and the "[a]cts of . . . private contractors do not become acts of the government by reason of their

7

significant or even total engagement in performing public contracts." *Rendell-Baker*, 457 U.S. at 841. The provision of a phone service with contractually required recording capabilities to a government facility is not a "traditionally or exclusive public function." *See Evans v. Skolnik*, 2009 WL 3763041, at *4-5, *5 n.4 (D. Nev. Nov. 5, 2009), *aff'd*, 637 Fed. App'x 285, 287 (9th Cir. 2015). Hernandez pleads no facts that establish Securus as a state actor for purposes of § 1983.

Hernandez's remaining claims are exclusively state-law causes of action that do not on the face of the Complaint meet the amount in controversy requirement for original jurisdiction under 28 U.S.C. § 1332. At this early stage of the litigation, there is no reason for the court to exercise supplemental jurisdiction, particularly where the Complaint raises the unresolved issue of whether a negligent invasion of privacy is a viable cause of action under Massachusetts law, a matter better addressed in the first instance by the state court. Consequently, the court will remand the remaining claims to the Suffolk Superior Court. *See* 28 U.S.C. § 1367(c).

ORDER

For the foregoing reasons, Count V of Hernandez's Amended Complaint is <u>DISMISSED</u>. The clerk will enter the dismissal and remand the case to the Suffolk Superior Court for further proceedings.

SO ORDERED.

/s/ Richard G. Stearns
_____
UNITED STATES DISTRICT JUDGE